**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORY STRIZICH,

Plaintiff-Appellant,

v.

DUSTIN PALMER,

Defendant-Appellee.

No. 23-35082

D.C. No. 6:21-cv-00022-SEH

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 8, 2024
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Jory Strizich, an inmate in the Montana State Prison ("MSP"), brought this

suit under 42 U.S.C. § 1983 against former prison guard Dustin Palmer, alleging

that Palmer planted a substance resembling methamphetamine in Strizich's cell

during a search on April 20, 2018, and that Palmer did so in retaliation for

Strizich's frequent filing of "grievances and lawsuits" against correctional

officials. The district court granted summary judgment to Palmer on the ground

that Strizich had failed to exhaust his available administrative remedies as required

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Strizich timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo, *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008), we reverse and remand.

1. Under § 7(a) of the Civil Rights of Institutionalized Persons Act, as amended by the PLRA, a prisoner who wishes to file a federal action "with respect to prison conditions" must first exhaust internal administrative remedies that the prison makes "available" to him. 42 U.S.C. § 1997e(a). Failure to exhaust available administrative remedies under § 7(a) is an affirmative defense that must be raised by the defendant. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). Under this circuit's burden-shifting framework, a defendant who wishes to invoke the defense must first show that the plaintiff prisoner failed to exhaust a "generally available" administrative remedy. *Id*. at 1172. The burden then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remed[y] effectively unavailable to him." *Id*. If the plaintiff carries that burden of production, then the "ultimate" burden of persuasion on the alleged failure to exhaust "remains with the defendant." *Id*.

Palmer satisfied his initial burden to show that Strizich failed to exhaust a "generally available" administrative remedy at MSP. *Albino*, 747 F.3d at 1172.

MSP has an Inmate Grievance Program ("IGP"), "an internal grievance mechanism to resolve inmate complaints." Under this program, an inmate who has a complaint must file an "informal resolution form" "within five working days of the action or omission that caused the complaint." Here, Palmer's alleged planting of evidence in Strizich's cell occurred on April 20, 2018, and Strizich did not file an informal resolution form complaining about that conduct until August 25, 2018. Palmer has therefore made a sufficient showing, at step one, that Strizich failed to exhaust his remedies under the IGP.

Turning to the next step of the analysis under *Albino*, we conclude that Strizich has produced sufficient evidence that "something in his particular case" made the IGP "effectively unavailable to him." *Albino*, 747 F.3d at 1172. In the district court, Strizich submitted a declaration under penalty of perjury providing the following reasons why he did not invoke the IGP process sooner. Strizich stated that, in the days immediately following Palmer's alleged planting of the substance in his cell, Strizich was placed in disciplinary detention, without "access to the library[] or grievance policies and procedures." While in disciplinary detention, on April 23, 2018, Strizich asked Regina Dees-Sheffield, a Grievance Coordinator at MSP, how to "proceed with respect to officer Palmer's retaliatory fabrication of evidence." Dees-Sheffield responded that Strizich could not use the IGP to address his complaint, because the discovery of the substance in his cell

3

was the subject of an internal prison disciplinary matter against Strizich. Instead, Dees-Sheffield stated, Strizich would have to raise the issue in that "disciplinary process to address officer Palmer's conduct." She also stated that, if Strizich's "custody level" was reclassified as a result of that disciplinary process, then he could also raise the issue in the "classification process."

Under our caselaw, an administrative remedy is considered unavailable for PLRA purposes when a prisoner has been "reliably informed" that the remedy is "not available to him." *Albino*, 747 F.3d at 1173. According to his declaration, Strizich was directly informed by Dees-Sheffield, a prison official responsible for implementing the IGP's provisions, that he could not use the IGP to address Palmer's conduct. Moreover, Strizich stated in his declaration that, at the time Strizich spoke to Dees-Sheffield, he did not have a copy of the IGP policy manual available to him and that he had no apparent reason to question Dees-Sheffield's interpretation of it until he obtained a copy of the manual in August 2018. Strizich stated that he then told Dees-Sheffield that he thought she may have misinterpreted the manual and that he therefore should now be allowed to file a grievance concerning Palmer's alleged fabrication of evidence, and Strizich stated that she told him that he could do so. Taking Strizich's evidence as true and drawing all reasonable inferences in his favor, we conclude that a reasonable trier of fact could find that, during the time limits within which Strizich was required to file his

4

grievance under the IGP, Strizich was reliably informed that he could not use the IGP in his case. Strizich therefore carried his burden to come forward with sufficient evidence that, if unrebutted, "show[ed] that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

In arguing for a contrary conclusion, Palmer contends that Strizich's account of what Dees-Sheffield told him is inadmissible hearsay and that we may not consider it. That is wrong. Strizich does not offer Dees-Sheffield's statements for the truth of what she said—*viz.*, that Palmer's conduct was in fact outside the ambit of the IGP. *See* FED. R. EVID. 801(c)(2). Rather, he contends that, even if her interpretation of the IGP was incorrect, her act of making these statements to him, at a time when he had no readily available means to question them, had the legal consequence of rendering the IGP unavailable to him within the meaning of § 7(a). Statements that are offered because their utterance is legally significant conduct are not hearsay. *See United States v. Arteaga*, 117 F.3d 388, 397 & n.16 (9th Cir. 1997) (stating that "statements that function as legally operative conduct" are not barred by the rule against hearsay).[1] Because Strizich has offered admissible

---

[1] Below, in his pro se response to Palmer's motion for summary judgment, Strizich contended that Dees-Sheffield's statements were not hearsay because they were statements by a party opponent. Strizich does not renew that argument on appeal. Palmer argues that Strizich has forfeited any alternative theories of admissibility

5

evidence that, if believed, would allow a factfinder to conclude that the IGP was unavailable in his specific case, summary judgment for Palmer on exhaustion grounds was improper.

2. Strizich argues that, even though he did not file a cross-motion for summary judgment, we should go further and enter summary judgment in *his* favor. But a *sua sponte* grant of summary judgment against the moving party and in favor of the nonmoving party is appropriate only if the moving party "has had a full and fair opportunity to prove its case." *Albino*, 747 F.3d at 1176 (citation omitted). We do not think that is the case here. The gravamen of Palmer's summary judgment motion below was that Strizich had failed to carry *his* burden to come forward with admissible evidence that would allow a factfinder to find in in his favor—*i.e.*, that he failed to carry his burden of production at step two of *Albino*. Absent a cross-motion by Strizich, the parties had not placed before the court whether, if Strizich *had* carried that burden, Palmer could then carry his ultimate burden to rebut Strizich's showing as to the availability of administrative

_____

for Dees-Sheffield's statements. We disagree. Construed liberally, Strizich's pro se briefing sufficiently raised an argument that Dees-Sheffield's statements legally operated to "render[] the IGP unavailable" to him. In any case, "it is claims that are deemed waived or forfeited, not arguments." *United States v. Henry*, 984 F.3d 1343, 1358 (9th Cir. 2021) (simplified). Strizich claimed below that Dees-Sheffield's statements were not hearsay, and he is not "limited [on appeal] to the precise arguments [he] made below" in support of that claim. *Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) (citation omitted).

remedies. Had Palmer been apprised of *his* obligation "to come forward with all of [his] evidence" to rebut Strizich's showing, *Albino*, 747 F.3d at 1176 (citation omitted), he might (for example) have sought to obtain a declaration from Dees-Sheffield concerning her alleged conversations with Strizich. On this record, Palmer did not have sufficient notice that he needed to come forward with all of the evidence needed to resist a cross-motion, and we therefore decline to order that summary judgment be granted *sua sponte* in Strizich's favor.

The district court's grant of summary judgment to Palmer is reversed. Strizich's request for *sua sponte* summary judgment is rejected. The matter is remanded to the district court for further proceedings consistent with this memorandum.

**REVERSED AND REMANDED.**